**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| RHAUN NELSON, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 23-2452-BAH |
| CAPITAL ONE BANK, N.A., | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Rhaun Nelson ("Plaintiff") brought suit against Defendant Capital One Bank, N.A., ("Defendant") in state court alleging a violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq. ("ECOA"). ECF 1-1. Defendant removed the action to this Court, ECF 1, and Plaintiff filed an amended complaint, ECF 14. Pending before the Court is Defendant's motion to dismiss Plaintiff's amended complaint. ECF 17. All filings include memoranda of law and exhibits.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Defendant's motion to dismiss, ECF 17, is **GRANTED**.

I.      **BACKGROUND**

In December 2022, Plaintiff applied for a loan to purchase a vehicle at a car dealership. ECF 14, at 6 ¶ 19. Defendant "then sent a letter [to Plaintiff] stating that [his] application was denied because Plaintiff had already exceeded his credit limit on other accounts [with Defendant]." *Id.* ¶ 20. Plaintiff protested this decision by disputing it internally with Defendant, *id.* at 6–7 ¶ 23,

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

¶¶ 31–32, and then by filing a complaint with the Consumer Financial Protection Bureau ("CFPB"), *id.* at 7 ¶ 30. Defendant upheld its decision, *id.* ¶ 33, and the CFPB "closed the case and there was no resolution," *id.* ¶ 30.

Plaintiff then filed this lawsuit, claiming that Defendant's actions violated the ECOA and constituted false and misleading misrepresentations. ECF 14, at 8–13 ¶¶ 34–62. Defendant asserts that Plaintiff's amended complaint should be dismissed for failure to state a claim. ECF 17.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

Because Plaintiff brings this suit pro se, the Court must liberally construe his pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404

U.S. 519, 520 (1972).  This leniency has its limits, though.  "A court may not construct the plaintiff's legal arguments for him, nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'"  *Runge v. Barton*, No. CIVA 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

## III.   ANALYSIS

Defendant argues that both of Plaintiff's claims should be dismissed for failure to state a claim. ECF 17.  According to Defendant, "Plaintiff has not, as a matter of law, asserted a cognizable claim under the ECOA" because "Plaintiff does not plead that he is a member of a protected class under the ECOA, nor does he specify how Capital One's denial of his auto loan application was retaliation following a good faith exercise of rights under the ECOA."  ECF 17-1, at 1–2.  Plaintiff's fraud claim, Defendant argues, should also be dismissed because it was "insufficiently plead with only conclusory and irrelevant allegations."  *Id.* at 2.  Though Plaintiff disputes these arguments, ECF 20, Defendant's motion to dismiss will be granted.

### A.   Plaintiff's ECOA claim is dismissed.

Under the ECOA, a creditor may not "discriminate against any applicant, with respect to any aspect of a credit transaction" on the basis of the applicant's membership in a protected class or in retaliation for "excers[ing] any right" under the ECOA.  15 U.S.C. § 1691(a).  As an initial matter, Plaintiff's amended complaint is devoid of any reference to membership in a protected class, and so he must proceed forward solely on the theory of retaliation.  *See* ECF 14 (making no reference to race, sex, national origin, or any other protected class).

Plaintiff fails to plead facts sufficient to state a claim for retaliation.  The facts as Plaintiff has pled them are simple: he applied for a loan, and he was denied on the basis of his existing

credit usage with Defendant. ECF 14, at 6 ¶¶ 19–20. Even crediting Plaintiff's internal complaints

with Defendant and his CFPB complaint as protected activities, these occurred only *after* the

adverse action about which Plaintiff complains. *See id.* at 6–8 ¶¶ 23–33. Therefore, there can be

no causal link between Plaintiff's alleged protected activity and the denial of his application. As

such, he has failed to state a claim under the ECOA, and this claim must be dismissed.

### B.       Plaintiff's fraud claim is dismissed.

Under Maryland law, a claim of fraudulent misrepresentation requires a plaintiff to plead:

> (1) that the one perpetrating the fraud made a false representation to the victim; (2)
> that its falsity was either known to the perpetrator or that the representation was
> made with reckless indifference as to its truth; (3) that the misrepresentation was
> made for the purpose of defrauding the victim; (4) that the victim relied on the
> misrepresentation and had the right to rely on it; and (5) that the victim suffered
> compensable    injury    resulting    from    the    misrepresentation.

*Thomas v. Nadel*, 48 A.3d 276, 282 n.18 (2012) (citing *Maryland Env't Tr. v. Gaynor*, 803 A.2d

512, 516 (2002)). According to Defendant, Plaintiff has failed to plead sufficient facts to satisfy

any of these elements. ECF 17-1, at 8–9.

Plaintiff's amended complaint seems to rest its fraud count upon the basis that Defendant

"is claiming to give extensions of credit," which Plaintiff asserts is a false statement because

Plaintiff's understanding of various laws, including 12 U.S.C. § 83 and 12 U.S.C. § 1431, renders

such action unlawful as Defendant "can't create credit." ECF 14, at 11 ¶ 47. According to 12

U.S.C. § 83, "[n]o national bank shall make any loan or discount on the security of the shares of

its own capital stock." Plaintiff appears to read this portion of the statute to mean that Defendant

"shall not give loans," full stop. ECF 14, at 11 ¶ 47. Further, 12 U.S.C. § 1431 specifically

describes the "powers and duties" of "Federal Home Loan Banks," which Plaintiff takes to mean

that Defendant is obligated to "borrow and give security therefor and [] give interest." *Id.* But

regardless of Plaintiff's reading of these provisions, neither restrict Defendant's ability to deny

Plaintiff a requested loan based on his credit history with Defendant.  As such, Plaintiff has failed

to plead any false representation, and his fraud claim must also be dismissed.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion to dismiss, ECF 17, is **GRANTED**.

Plaintiff's amended complaint, ECF 14 is **DISMISSED** with prejudice.

A separate implementing Order will issue.


Dated: <u>August 20, 2024</u>                                    <u>            /s/            </u>
                                                                        Brendan A. Hurson
                                                                        United States District Judge

5